An affidavit of newly discovered testimony, on a motion for a new trial, should contain an averment of due diligence.

discovered new testimony which was material to him. This affidavit was accompanied with the affidavit of the witness discovered, as to what he knew of the matter in controversy. The circuit court overruled the motion and gave judgment from which Smith appealed to this court.

This court is of opinion that the affidavit of the appellant should have contained an averment that he had used due diligence. And we are further of opinion that the testimony of Lynch the newly discovered witness was no wis material. Judgment affirmed.

---

CLAY ET AL v. THE STATE.

Appeal from St. Francois Circuit Court.

The act of Feb. 13, 1839 (laws of Mo. session 1838–9 p. 101) giving justices of the peace jurisdiction in cases of disturbance of religious congregations, is in aid of the 27th sec. of 8th art. of the act concerning crimes and punishments (R. C. 1835, p. 209) making the same offence punishable in the circuit court by indictment. The jurisdiction of the circuit court and justices of the peace, in such cases, is concurrent.

*Scott and Zeigler for Appellant.*

1st. That the defendants having been tried convicted and fined with trial before the justice under the law giving to the magistrate jurisdiction in cases of breaches of the peace (see revised code 1835 page 372,) could not be indicted and again tried and punished for the same offence. State Constitution page 28, sec. 10, acts of 1835 page 214 sec. 15.

2nd. That offence charged is not indictable, the 27th sec-

tion of the act of 1835 page 209, making the offence charged as a misdemeanor being repealed by the 5th section of the act of the 13th February 1839, and which last act makes the offence triable before a justice of the peace, see acts of 1838-9 page 101-2 section 5th.

Penal statutes are to be strictly pursued and are strictly construed, and not extended beyond their express words and clear import 6 Bacon abridgement (Guelleam's edition) 390 and foward 2 Cowan reports 419 Sprague v Birdwell, 1 vol. Mo. reports 147, 89 Reddick and McNear v Gov. 5 Wheaton from 76 to 96 U. S. v Wethinger. It is an established rule that all acts in *Pari Materia* an to be taken together as if they were one law, 6 Bacon abridgement (Guelleam) 382 Douglass Reports 30.

If a latter part of a statute be repugnant to a former part thereof, it shall stand as far as repugnant to a repeal of the former part because it is the last will of the Legislature, 6 Bacon (Guellam) 373, and the title of a statute is no part of the statute 6 Bacon Abr. 369.

When a statute creating a new offence, gives a penalty and directs how it shall be recovered the offence cannot be punished in any other way than that directed by the statute, 6 Bacon Abr. 393 1 Bun Rept. 543, 4, 5 (Rex v Wrightclas, Cro. Jac. 643-4, Castles case.

If a statute creates a new offence and appoints a particular method of proceeding against offender, without mentioning an indictment, no indictment lies, because as the methods of proceeding are expressly mentioned that by indictment seems to be excluded by implication, 6 Bacon Abr. 393-4 1 Showers reports 398-9 400 401 (King v Manott when a new offence is created by statute and a special jurisdiction out of the course of the common law is prescribed it must be followed; 1st Showers reports 401-2 King v Manott Cowpers reports 524 (Hartley v Hooke,) and no statute shall be so construed as to be inconsistent or against reason, 6 Bacon Abr. 391.

It is a general rule that if an affirmative statute; which is introductive of a new law directing a thing to be done in a certain manner, that they shall not even although there are no

negative words, be done in any other manner, 6 Bacon 377. 3 mass reports 307 (Gedney v Inhabitants of Tuckly. A thing within the *intention* is within the statute, and a thing, within the letter but not within the *intention* is not within the statute, 6 Bacon Abr. 384–5, 3 Cowans reports 89 Jackson v Colleris, subsequent Laws on the same subject matter repeals the former laws, Coxes digest 642, No 43–41–42 1 Gallis 150 114 Conn digest 643 No 55 1 Paine 400.

*Brickey circuit Attorney.*

1st. That both counts in the indictment are good in law, and a conviction may well be had on both or either (Arch. Crim. pl. 59.)

2. The law upon which the indictment was founded has not been repealed (27 sec. dig. 209) and the act passed at the last session page 101 giving justices of the peace jurisdiction of similar offences, does not repeal the first act as contended for by the appellant. I hold the rule of construction " to be this, if by a former law an offence is indictable at the " quarter sessions and by a subsequent law the *same* offence " be made indictable at the assizes, here the jurisdiction of " the sessions is not taken away, both have a concurrent " jurisdiction, and the offender may be tried at either un- " less the last act subjoins express negative words, as that " the offence shall be triable at the assizes, *and no where else* " (1 Blk. Com. 89, 90, 3 Bac. Abr. 563.)

3. Several persons may be joined in the same indictment, so several offences committed by the same party may be joined in one indictment, (see digest page 483 section 15, also 3 Bac. Abr. 563, Arch Crim. pl. 59. According to these authorities it seems to me the offence charged was clearly indictable and within the jurisdiction of the circuit court, there being no negative words, or repealing clause, in the last act, the former stands, consequently the circuit court decided correctly in refusing to arrest the judgment and this court will now affirm it.

*Opinion of the Court by McGirk Judge.*

It appears by the record that at the July term of the circuit court, for the county of St. Francois, the grand jurors

for that county indicted Eleazur Clay, Robert Clay, Wm. Finch and E. G. Clay, for disturbing a religious congregation, assembled for public worship.

The second count charges and finds, that said persons did, at the same time, disturb the congregation, by committing an assault and battery on'one Reed &c.

To this indictment the defendants pleaded not guilty, except Finch, who was not taken. At the November term of the court they were found guilty by the jury, and fined two dollars each. The defendants by counsel made a motion in arrest of judgment, which was overruled, they then appealed to this court. The error complained of here arises on the 6th reason in arrest of judgment, which is, that the circuit court had no jurisdiction of the offence, but that the jurisdiction belongs to a justice of the peace. One or two other errors were mentioned by the counsel but were not relied on, and I will take no notice of them, as there appears to be nothing in them.

In the year 1835 the general assembly passed a statute making it penal to disturb a religious congregation and making the offence punishable by indictment in the circuit court: R. Code page 209, sec. 27, at the last session of the Legislature 1839, p. 101. The legislature declares that from and after the passage of that act justices of the peace shall have jurisdiction of all cases of disturbance of religious worship, and may fine to the extent of ten dollars, and to commit to prison for non payment &c.

The counsel for the appellant, Clay, insists that the last act, giving the jurisdiction to justices of the peace, repeals the first act, which gives the jurisdiction to the circuit court the latter act being repugnant to the former act, to support this Mr. Scott cites, Coxes dig. 642 No. 41–42–43, 1 Gallis 150 114, Comn. dig. 643, No. 55, 1 Paine 400.

The counsel also argues that here the last act is repugnant to the former, and therefore repeals it, and cites for this, several authorities.

Mr. Brickey of counsel for the State admits the rules of law as above laid down to be correct, but then he insists that in this case the latter act is in no way repugnant to the

SEPT. TERM.
1840.

Clay et al
v.
The State.

SEPT. TERM.
1840.

Clay et al
v
The State

The act of Feb. 13, 1839 (Laws of Mo. session 1838–9 p. 101) giving justices of the peace jurisdiction in cases of disturbance of religious congregations, is in aid of the 27 sec. of 8th art. of the act concerning crimes and punishments (R. C. 1835, p. 209) making the same offence punishable in the circuit court by indictment the jurisdiction of the circuit court and justices of the peace, in such cases, is concurrent.

former act, and that the rule is in such case, that where there are two or more statutes on the same subject they shall be so construed that all shall have effect if possible. To support this proposition the counsel cites 1 Bl. Com. p. 90 where it is said, that if two affirmative statutes be passed on the same subject, and the latter contains no repealing or negative words they may both stand, and Blackstone puts a case which is "that if by a former statute an offence be indictable at the quarter sessions, and a latter statute makes the same offence indictable at the assizes, the offender may be indicted at either, and that there is in that case a concurrent jurisdiction in the two courts.

In the case at bar it appears to the court that the case put by Blackstone is in point for the State. That here the two statutes are, as regards the offence nearly the same, with some slight variations, and that the offence is only made punishable before a justice of the peace *also*, and that the jurisdiction is concurrent; therefore whichever gets possession of the case first is rightfully entitled to try it.

This view is strengthened when we look at the title of the last act, which is *an act for the more effectual protection of public worship*, p. 101. This title shows that the statute was intended to be in aid of the former laws; and it is so, for when the offenders are only subject to the action of the circuit court time is given for them to runaway; but this gives power to any one to act while the offence is in *progress*, in a summary and prompt manner. The latter act does thus aid more effectually the protection of public worship. It is therefore my opinion that there is no error in the judgment of the circuit court, and that the same ought to be affirmed. The whole court being of the same opinion the same is affirmed.